IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN E. BANKS, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COLWYN BOROUGH, ET AL. | : | NO. 15-1099 |

MEMORANDUM

Dalzell, J.                                                                September 10, 2015

## I.    Introduction

We consider here the motion under Fed. R. Civ. P. 12(b)(6) of defendants Colwyn Borough, Colwyn Borough Deputy Police Chief Wendell F. Reed ("Reed"), and Colwyn Borough Council President Tonette Pray ("Pray"), to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

Kevin E. Banks, Sr. ("Banks") brings this action against defendant Colwyn Borough pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) et seq., 42 U.S.C. § 1981, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and against defendants Reed and Pray pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

We have federal question jurisdiction over plaintiff's Title VII, ADA, and Section 1981 claims  pursuant to 28 U.S.C. § 1331. We have supplemental jurisdiction over plaintiff's state law claims under the PHRA pursuant to 28 U.S.C. § 1367.

Defendants move to dismiss plaintiff's amended complaint in its entirety.  For the reasons set forth below, we will grant in part and deny in part defendants' motion to dismiss and grant leave for plaintiff to file a second amended complaint.

## II.    <u>Standard of Review</u>

A defendant moving to dismiss under Fed R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief. <u>See</u> Fed. R. Civ. P. 12(b)(6); <u>see also</u>, <u>e.g.</u>, <u>Hedges v. United States</u>, 404 F.3d 744, 750 (3d Cir. 2005).  To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.[1]

As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action…do not suffice." <u>Id.</u>  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Twombly</u>, 550 U.S. at 555.  The Court further notes that analyzing claims is a "context-specific task" that requires judges to use their "judicial experience and common sense" when ultimately deciding whether or not a plaintiff has pled sufficient factual content to plausibly state a claim for relief.  <u>Iqbal</u>, 556 U.S. at 679.

In the wake of <u>Twombly</u> and <u>Iqbal</u>, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated.
> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions. Second, a

---

[1] Plaintiff curiously cites the "no set of facts" standard from <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), in the first paragraph of his discussion on the appropriate standard of review when deciding motions to dismiss under Fed. R. Civ. P. 12(b)(6).  In light of plaintiff's decision to recite this standard, we feel obliged to point out that the Supreme Court stated that the "no set of facts" standard from <u>Conley</u>, "after puzzling the profession for 50 years… has earned its retirement." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 563 (2007).

> District Court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a 'plausible
> claim for relief.'

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted). In

deciding a motion to dismiss, we may consider "the allegations contained in the complaint,

exhibits attached to the complaint and matters of public record," and any "undisputedly authentic

document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims

are based on the document." Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998

F.2d 1192, 1196 (3d Cir. 1993).

We recite the facts as they appear in the amended complaint ("Am. Compl.").

## III.    **Factual Background**

Plaintiff Banks is an African-American male who was hired by defendant Colwyn

Borough in October of 2010 to serve as a police officer in the Colwyn Police Department. Am.

Compl. at ¶ 10.  He had previously been employed as an officer with that Department from 2000

to 2004.  Id.  In August 2011, Banks complained to defendant Reed, the Deputy Police Chief,

about perceived racial discrimination that Banks had observed in the Colwyn Police Department.

Id. at ¶ 13.  Specifically, Banks alleged that white officers were being treated less favorably than

black officers by being required to complete vehicle logs and daily logs, something that was not

required of black officers.   Id.  Banks claims that after coming forward with these complaints,

Reed responded by asking him, "Are you some kind of Uncle Tom?" and stating that, "This is

the second time you sound like a mayor."  Id. at ¶ 14.  Two weeks later, Banks brought these

complaints to defendant Pray, the Borough Council President, who told Banks to report the

conduct to Reed.  Id. at ¶ 14-15.  Banks further complained about the perceived discrimination

he observed in the Colwyn Police Department to Colwyn Borough's mayor, Dan Rutland, but he

claims that neither Mayor Rutland nor defendants Reed and Pray took any action on the matter. Id. at ¶ 17.

In September 2011, shortly after complaining to Reed, Banks's hours were reduced from twenty-four hours per week to between twelve and sixteen hours per week.  Id. at ¶ 18.  Around this same time, Banks observed and refused to condone improper conduct by a fellow police officer, Trevor Parham, whom Banks believed had arrested a Colwyn citizen because of a personal vendetta.  Id. at ¶ 19.  Officer Parham allegedly told fellow members of the Colwyn Police Department with regard to this citizen that, "If you see that old ass motherfucker, lock him up and I'll take care of the paperwork."  Id. at ¶ 20.   Banks submitted a formal complaint to Reed outlining Officer Parham's inappropriate conduct.  Id. at ¶ 21.  In response, Reed denied Banks's request for time off and assigned Banks to foot patrol as a form of punishment.  Id. at 24.

Banks again complained to Reed about perceived racial discrimination in the Colwyn Police Department when a white officer was passed over for a promotion in favor of a black officer who was far less qualified.  Id. at ¶ 25.   On December 13, 2011, Banks formally submitted a doctor's report outlining his need to take a temporary leave of absence from the department due to disability through February of 2012.  Id. at ¶ 27.  Two days later, Reed contacted Banks and inquired about his medical condition.  Id. at ¶ 28.   On December 16, 2011, Reed stated to another officer in the Colwyn Police Department that "Kevin Banks was the cause of the problem (referring to complaints about Officer Parham), and I will get that little son of a bitch anyway I can!"  Id. at ¶ 26.

Banks received notice of his termination from the Colwyn Police Department on January 3, 2012.  Id. at ¶ 10.  Banks filed a complaint with the Equal Employment Opportunity

Commission ("EEOC") and cross-filed the same complaint with the Pennsylvania Human Relations Commission ("PHRC") on October 19, 2012.  Id. at ¶ 30.  Banks was later issued a "Right to Sue" Letter from the EEOC on December 3, 2014.  Id.  He then filed this suit against defendants on March 2, 2015.

IV.   **Discussion**

Banks's amended complaint contains the following causes of action: (1) discrimination and retaliation claims against defendant Colwyn Borough under Title VII; (2) a discrimination claim against defendant Colwyn Borough under the ADA; (3) a claim against defendant Colwyn Borough under Section 1981; and (4) a discrimination claim against defendants Reed and Pray under the PHRA.  In addition to seeking dismissal of the amended complaint, defendants also move to have Banks's claims for punitive damages dismissed, so we must further decide whether Banks has pled sufficient facts to support a possible award of punitive damages.  We will analyze each claim separately as to whether any survives defendants' omnibus motion.

A.   **Claims Brought Against Defendant Colwyn Borough Under Title VII**

Banks's amended complaint alleges a claim against Defendant Colwyn Borough pursuant to Title VII under two separate legal theories:  a claim of discrimination and one of retaliation.  These distinct theories require separate analysis in deciding whether they survive defendants' motion to dismiss.  But before we decide whether Banks has pled sufficient facts to plausibly establish a claim under either a theory of discrimination or retaliation, we must address whether he timely filed his complaint with the EEOC.

1.    <u>**Timeliness of EEOC Filings**</u>

In a Commonwealth such as Pennsylvania that has an entity with the authority to grant or seek relief with respect to alleged unlawful employment practices, an employee must file a charge with the EEOC within 300 days of such employment practices in order for his claim to be timely under Title VII.  <u>See</u> 42 U.S.C. § 2000e-5(e).  The issue of what constitutes a timely filing under Title VII was addressed in <u>National Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101 (2002).  The Supreme Court in <u>Morgan</u> established a "bright line distinction between discrete acts, which are individually actionable, and acts which…may be aggregated to make out a hostile work environment claim." <u>O'Connor v. City of Newark</u>, 440 F.3d 125, 127 (3d Cir. 2006).  It further stated in <u>Morgan</u> that discrete acts -- such as termination, failure to promote, and refusal to hire -- must fall within the applicable limitations period.  <u>Id.</u> The Supreme Court did note, however, that Title VII is not an evidentiary bar to prior acts falling outside the 300-day filing period that support a timely-filed claim for discrimination or retaliation.  <u>Morgan</u>, 536 U.S. at 113.

Here, defendants contend that Banks did not timely file his complaint with the EEOC within 300 days of the discrete acts alleged in his complaint.  This contention is without merit.  Banks received notice of his termination on January 3, 2012.  Am. Compl. at ¶ 10.  Plaintiff's termination constituted a discrete act of discrimination or retaliatory conduct as described by <u>Morgan</u>.  The act of termination "starts a new clock for filing charges alleging that act." <u>Morgan</u>, 536 U.S. at 113.  Banks later filed a complaint with the EEOC on October 19, 2012, alleging retaliation and discrimination, 289 days after the alleged unlawful discrete act of his termination took place.  <u>Id.</u> at ¶ 30.

We therefore find that Banks's claim is timely under Title VII, and turn now to the question of whether he has pled facts sufficient to state a plausible claim to relief under a theory of either discrimination or retaliation.

### 2.        Discrimination Claim

Title VII provides that it is unlawful for an employer to discriminate against any of its employees on the basis of race.  42 U.S.C. § 2000e-2(a).  For a plaintiff to establish a prima facie case of employment discrimination under Title VII on the basis of race, a plaintiff must show (1) that he is a member of a protected class; (2) that he was qualified for the position; (3) that he suffered an adverse employment action; and (4) that the action occurred under circumstances that could give rise to an inference of intentional discrimination.  See Mandel v. M & Q Packaging Corp., 706 F.3d 157, 169 (3d Cir. 2013).  To survive a motion to dismiss, a plaintiff need not establish all the elements of a prima facie case, but instead must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Gladden v. Solis, 490 F.App'x 411, 412 (3d Cir. 2012) (non-precedential) (quoting Fowler, 578 F.3d at 213).

Banks has pled facts to sufficiently establish the first three elements of a Title VII racial discrimination claim -- as he was a member of a protected class, qualified to serve as a police officer, and suffered an adverse employment action when he was terminated from his position.  It is less clear whether he has pled sufficient factual allegations that show he was terminated because he is African-American.  Banks alleges that the discriminatory conduct against him began after he complained that the Colwyn Police Department was treating white officers less favorably than black officers.  Am. Compl. at ¶ 13.  When Banks complained to Reed about this issue, Reed asked him, "Are you some kind of Uncle Tom?" Id. at ¶ 14.  Banks further alleges

that he was discriminated against after complaining to Reed about Officer Parham's conduct and about a white officer being passed over for promotion in favor of a less qualified black officer. Id. at ¶¶ 19-26.  Banks alleged that the retaliatory and discriminatory actions taken by defendants in response to his complaints included a reduction in his work hours and being assigned to foot patrol.  Id. at ¶¶ 19-26.  These discrete actions, however, were separate from the alleged unlawful employment practice on which plaintiff's claim is based -- his termination.

It is unclear whether any of the alleged discriminatory acts, including Banks's termination, were based on his race.  In fact, the core of Banks's claim seems to be that the defendants retaliated against him after he made complaints about perceived discrimination against white officers and Officer Parham's alleged misconduct.  But Reed's use of the term "Uncle Tom" towards Banks shows that there was likely a racial element at play in some of the interactions between Banks and the defendants.  As muddled and unfocused as Banks's racial discrimination claim seems, we nonetheless find at this juncture that he has pled sufficient facts that raise a reasonable expectation that discovery may reveal evidence that he was discriminated against based on his race.

We will therefore deny defendants' motion to dismiss plaintiff's claim brought against defendant Colwyn Borough under Title VII under a theory of discrimination.

### 3.    **Retaliation Claim**

Title VII provides that it is unlawful for an employer to retaliate against an employee who has opposed an unlawful employment practice. 42 U.S.C. § 2000e-3(a).  A plaintiff establishes a prima facie case of retaliation under Title VII by showing that (1) he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between his participation in the protected activity and the

adverse employment action.  See Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006) (citing Nelson v. Upsala Coll., 51 F.3d 383, 386 (3d Cir. 1995)).

Here, Banks has pled factual allegations that suffice to support a prima facie case of retaliation, thus stating a plausible claim for relief.  Banks alleges that he engaged in protected activity when he complained to various officials about white officers receiving inferior treatment at work than black officers.  Am. Compl. at ¶¶ 13-17.  He suffered an adverse employment action when he was terminated on January 3, 2012.  Id. at ¶ 10.  Finally, Banks plausibly establishes a causal connection between his complaints and his termination by first alleging that Reed stated that "Banks was the cause of the problem . . . and I will get that little son of a bitch anyway I can!"  Id. at ¶ 26.  Further, the temporal proximity between Banks's termination on January 2, 2012 and his complaints made between August and December of 2011 suggests that his complaints may have had something to do with his termination.  See, e.g., Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279-81 (3d Cir. 2000) (describing how temporal proximity can be evidence used to prove causation in Title VII retaliation claims).

We will therefore deny defendants' motion to dismiss plaintiff's claim brought against defendant Colwyn Borough under Title VII under a theory of retaliation.

### B.  ADA Discrimination Claim Brought Against Defendant Colwyn Borough

Plaintiff's amended complaint also alleges a claim against defendant Colwyn Borough under the ADA. The ADA prohibits discrimination by employers against qualified individuals regarded as having a disability.  42 U.S.C. § 12112.   In order to establish a prima facie case of discrimination under the ADA, a plaintiff must show that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job,

with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Gaul v. Lucent Techs., Inc., 134 F. 3d 576, 580 (3d Cir. 1998).  An individual is disabled under the ADA if he has a physical or mental impairment that substantially limits his ability to perform major life activities, has a record of such impairment, or is regarded as having such an impairment.  42 U.S.C. § 12102(2).  The ADA does not cover a temporary, non-chronic impairment of short duration.  See McDonald v. Pennsylvania Dep't of Pub. Welfare, 62 F.3d 92, 96 (3d Cir. 1995).

The facts alleged in Banks's complaint fail to establish a plausible claim for relief under the ADA.[2]  Banks makes no mention of what his exact disability is, saying only that he submitted a doctor's note stating that he needed to take two months of leave due to a disability.  Am. Compl. at ¶ 27.  Further, even if this injury or condition was something generally considered a disability, his apparent ability to return to work two months later would show this to be a temporary, non-chronic impairment of short duration not considered a disability under the ADA.  Since Banks has failed to plead facts to plausibly support the assertion that he is a disabled person within the meaning of the ADA, our inquiry ends here.

We will therefore dismiss with prejudice plaintiff's claim brought against defendant Colwyn Borough under the ADA.

## C.      Claim Brought Against Defendant Colwyn Borough under Section 1981

Plaintiff's amended complaint alleges a claim against Defendant Colwyn Borough under 42 U.S.C. § 1981.  As defendants correctly assert in their motion to dismiss, Section 1981 does not provide a cause of action through which plaintiff can pursue a claim for relief against defendant Colwyn Borough.  See Jett v. Dallas Independent Sch. Dist., 491 U.S. 701, 733 (1989)

---

[2] Plaintiff, to his credit, admits in his reply to defendants' motion to dismiss that he has not stated a claim for relief under the ADA.  See Pl.'s Resp. at 14.

("[T]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981."). Banks admits this in his response to defendants' motion.[3] But Banks seeks leave to further amend his amended complaint to properly bring a claim against defendant Colwyn Borough under 42 U.S.C. § 1983 based on Colwyn Borough's alleged violations of Section 1981. We therefore must decide whether to allow Banks to amend his amended complaint.

Fed. R. Civ. P. 15(a)(2) provides that when a party can no longer amend its pleadings as a matter of course, it can only amend its pleadings with the court's leave or the opposing party's written consent. It further states that "[t]he court should freely give leave when justice so requires." Id. Courts should grant leave to amend pleadings in the absence of reasons such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility of amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that leave to amend should be denied only when there is a justifiable reason).

No justifiable reason exists for us to deny Banks's request for leave to amend his amended complaint. Granting Banks leave to amend will not cause undue delay, as he will only have ten days to submit a second amended complaint. His request for leave to amend his complaint is made in good faith, as he recognized his error in bringing a claim under § 1981. While Banks has already submitted an amended complaint, he seems to have only realized his error after reading defendants' memorandum in support of their motion to dismiss,[4] and has promptly sought to cure the deficiency surrounding the § 1981 claim. Amending his complaint will allow Banks to pursue a remedy stemming from the same alleged violations of Section 1981 he alleges in his first two complaints through a Section 1983 claim. Finally, defendant Colwyn

---

[3] See id. at 13.
[4] This is an odd mistake given the fact that the website domain name for plaintiff's attorney is "civilrightspa.com."

Borough will not be unduly prejudiced by our granting Banks leave to amend, as it will have a full and fair opportunity to respond to the allegations made against it.

We will therefore dismiss with prejudice plaintiff's claim brought against defendant Colwyn Borough under § 1981 and grant leave for plaintiff to file a second amended complaint within ten days of the Order accompanying this Memorandum.

### D.    Claims Brought Against Defendants Reed and Pray Under The PHRA

Lastly, plaintiff's amended complaint alleges claims against defendants Reed and Pray in both their individual and official capacities under the PHRA.[5]  We will dismiss plaintiff's claims against Reed and Pray with prejudice because his claims under the PHRA are untimely.

Neither Banks nor the defendants addressed this issue in their pleadings.  Our Court of Appeals, however, has stated that a court may sua sponte dismiss a complaint when a statute of limitations defense is apparent from the face of the complaint.  McPherson v. U.S., 392 F.App'x 938, 943 (3d. Cir. 2010) (non-precedential).

The PHRA states that, "[a]ny complaint filed pursuant to this section must be so filed within one hundred eighty days after the alleged act of discrimination…" 43 P.S. § 959(h).  This time period is different from its federal counterpart, which, as discussed earlier, allows individuals to file a complaint within 300 days after the alleged unlawful practice. 42 U.S.C.A. § 2000e-5.  A complaint cross-filed with both the EEOC and the PHRC between 180 and 300 days after an alleged unlawful employment practice takes place is thus timely for claims brought under Title VII, but untimely for claims brought under the PHRA.

---

[5] Plaintiff and defendants agree that plaintiff could not bring claims against Reed and Pray in their official capacities.  See Def. Mem. at 6-7 and Pl.'s Resp. at 8.  This issue is nonetheless moot given the fact that we will dismiss the claims against Reed and Pray in their entirety with prejudice.

The Commonwealth Court of Pennsylvania addressed this issue directly in <u>Barra v. Rose Tree Media School Dist.</u>, 858 A.2d 206 (Pa. Commw. Ct. 2004), stating that when the plaintiff had filed a complaint with both the EEOC and PHRC on November 10, 1999, his "causes of action under Title VII would be barred for conduct prior to January 14, 1999 (300 days before November 10, 1999), and under PHRA for conduct prior to May 8, 1999 (180 days before November 10, 1999)."  <u>Id.</u> at 212.  In <u>Zysk v. FFE Minerals USA Inc.</u>, 225 F. Supp. 2d 482 (E.D. Pa. 2001), our then-colleague Judge VanAntwerpen canvassed the confusing state of federal jurisprudence on this topic in depth, but concluded his analysis by stating that, "we set forth here for the first time this explanation in no uncertain terms: these federal cases cannot change the State's statute of limitations—which remains 180 days." <u>Id.</u> at 495.

Banks received notice of his termination from his position with the Colwyn Police Department on January 3, 2012.  Am. Compl. at ¶ 10.  He cross-filed a complaint with both the EEOC and PHRC on October 19, 2012 -- 289 days after his termination.  Am. Compl. at ¶ 30. All of the acts of discrimination alleged by Banks in his complaint occurred on or before January 3, 2012, well outside the 180-day time period in which he could have filed a complaint that would allow him to properly pursue a cause of action under the PHRA.  It is apparent from the face of Banks's complaint that a statute of limitations defense exists.

We will therefore dismiss plaintiff's claims brought against defendants Reed and Pray under the PHRA with prejudice.

## V.    Punitive Damages

Defendants also move to have Banks's claims for punitive damages dismissed.  Banks is not entitled to punitive damages against a municipality.  <u>See</u> <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271 (1981) and <u>Marko v. City of Philadelphia</u>, 576 A.2d 1193, 1194 (Pa.

Commw. Ct. 1999).  The PHRA does not provide for punitive damages.  <u>Hoy v. Angelone</u>, 720 A.2d 745, 751 (Pa. 1998).  Finally, Title VII does not permit punitive damages.  <u>Udujih v. City of Philadelphia</u>, 513 F. Supp. 2d 350, 358 (E.D. Pa 2007).  Banks admits that he does not have a claim for punitive damages.[6]

We will therefore dismiss plaintiff's claims for punitive damages with prejudice.

## VI.     Conclusion

The pleadings from both parties suggest that this dispute, at its core, revolves around the question of whether plaintiff was terminated from his position as a police officer in retaliation for complaining about alleged unlawful employment practices.  Our decision today reflects that reality.  Banks has plausibly stated a claim against defendant Colwyn Borough under Title VII.  He has failed to state a claim upon which relief can be granted against defendant Colwyn Borough under Section 1981 or the ADA, or against defendants Reed and Pray under the PHRA.

We will therefore grant in part and deny in part defendants' motion to dismiss and grant plaintiff leave to submit a second amended complaint within ten days.  An appropriate Order follows.

BY THE COURT:

  _/s/ Stewart Dalzell, J._
Stewart Dalzell, J.

---

[6] <u>See</u> Pl.'s Resp. at 13.